**SIGNED.**

Dated: October 08, 2009

*/s/ James M. Marlar*
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| CHARLES JOHN CROWELL and CHRISTA KAYE CROWELL, | ) ) ) | No. 4:09-bk-07333-JMM |
| | ) | **MEMORANDUM DECISION** |
| Debtors. | ) ) | **(RELATES TO ADVERSARY 09-743)** |

Before the court is a motion to abstain and to remand a removed case (DN 71).

The necessary procedural background is that a case, pending in Cochise County, was removed to this court on July 6, 2009 by various non-debtor entities. (*See* DN 1, Adversary No. 09-743.) The matters in the state court proceeding affect the rights of entities or individuals who are not debtors in the bankruptcy court. The only party in bankruptcy, with a personal property interest (as a member of a non-bankruptcy entity) are the Debtors. In addition, to the extent the Debtors are parties to continuing guarantees, that portion of the state court action is stayed. 11 U.S.C. § 362(a). Any party with a monetary claim against the Debtors is free to file a proof of claim in the bankruptcy court, within the deadlines set by the court.

Although the parties attempted to settle the matter through a settlement conference held by Judge Eileen Hollowell, that effort failed.

The only parties opposing the remand are non-debtor entities, who claim to have a non-dischargeable obligation owed to them by the Debtors. They have filed a separate adversary proceeding against the Debtors on that § 523 claim (Adversary No. 09-823). They argue that they

will have to "try the same case twice" if the state court action involving all the non-debtor entities is remanded back to state court.

As this court views the matter, that reason is too slim a reed to hold up a state court's determination of state law claims by and between non-debtor parties. The bankruptcy court arguably has no core or related-to jurisdiction, in any event, sufficient to authorize it to usurp the state court's very proper, and complete jurisdiction over the state court issues between non-debtor parties. There is no need to bifurcate the resolution of those claims. If this means a longer trial of the non-dischargeability issues against these Debtors in the bankruptcy court, this court has both the core jurisdiction, and the time, to properly adjudicate such matters.

Accordingly, a separate order will be entered which (1) grants the motion to remand (abstention is an unnecessary element thereof since the Debtors are still protected by the automatic stay), and (2) orders the Bankruptcy Court Clerk to close, as moot, Adversary No.09-743.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Charles and Christa Crowell
PO Box 1395
Hereford, AZ 85615    U.S. Mail
Defendants

Gerard R. O'Meara and Matthew A. Goldstein
Gust Rosenfeld, P.L.C.
One South Church Ave., Suite 1900    Email: gromeara@gustlaw.com
Tucson, AZ 85701-1627    Email: mgoldstein@gustlaw.com
Attorneys for Defendants/Claimants
Apache Pointe 30 Lender, LLC, Rio Corte Lender, LLC, and Sierra Vista 41 Lender, LLC, and Skalak Administration, LLC

Eric J. McNeilus
Heurlin Sherlock Panahi
1636 North Swan Road, Suite 200
Tucson, AZ 85712-4096
Attorneys for Plaintiffs    Email: emcneilus@HSPatLaw.com

| | | |
|---|---|---|
| Jerry L. Cochran<br>Cochran Law Firm<br>2929 E. Camelback Rd., Suite 118<br>Phoenix, AZ 85016 | | Email: jcochran@cochranlawfirmpc.com |
| Thomas M. Pace<br>The Law Office of Thomas M. Pace<br>1670 East River Road, #124<br>Tucson, AZ 85718<br>Attorney for Defendants Kirks | | U.S. Mail |
| Christopher J Pattock<br>Office of the U.S. Trustee<br>230 N. First Ave., #204<br>Phoenix, AZ 85003-1706 | | Email: Christopher.J.Pattock@usdoj.gov |